## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Bankruptcy Case No.** |
| | ) | |
| **DIANE MARIE MIKULIN,** | ) | |
| | ) | **15-83322-CRJ7** |
| SSN: xxx-xx-8085 | ) | |
| | ) | |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

---

| | | |
|---|---|---|
| **DIANE MIKULIN,** | ) | **Case No.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LAW SOLUTIONS CHICAGO, LLC** | ) | **CLASS ACTION COMPLAINT** |
| **and UPRIGHT LAW, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Diane Mikulin ("Mikulin" or "Plaintiff") files this Class Action Complaint against Defendants Law Solutions Chicago, LLC, d/b/a UpRight Law LLC and UpRight Law and UpRight Law LLC, d/b/a UpRight Law, LLC and UpRight Law ("UpRight" or "Defendants") on behalf of herself and all others similarly situated, as described below.

### NATURE OF THE CASE

1.      This is an action for damages filed by Mikulin pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 526(a)(4) of the Bankruptcy Code.

2.      This action is also filed for injunctive relief to prohibit future violations of the Bankruptcy Code by UpRight.

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court arises under 28 U.S.C. § 1331. This case involves the application of laws of the United States, namely, the Bankruptcy Code of Title 11, United States Code.

4.     Venue in this district is proper in that Mikulin resides in Lauderdale County, Alabama and the violations described below occurred in the State of Alabama and within this district.

## PARTIES

5.     Mikulin is the potential debtor under Chapter 7 of Title 11 of the United States Code and an assisted person as defined by 11 U.S.C. § 101(3).

6.     Law Solutions Chicago, LLC, d/b/a UpRight Law LLC and UpRight Law does business in this district and is registered with the Alabama Secretary of State. Its principal agent is Incorp Services, Inc. with a principal address of 2740 Zelda Road Suite 5B, Montgomery, Alabama 36106.

7.     UpRight is a law firm that does business in this district and is headquartered at 79 West Monroe, 5th Floor, Chicago, Illinois 60603.

8.     UpRight is a debt relief agency as defined by 11 U.S.C. § 101(12A).

## FACTS COMMON TO ALL COUNTS

9.     UpRight violated the Bankruptcy Code by causing its clients, including Mikulin and putative class members, to incur additional debt.

10.     UpRight created and executed a scheme that allowed the attorney's fees it charged for filing bankruptcy cases to be paid by a third-party, Brian Fenner ("Fenner"). Fenner owned and operated two companies – Fenner & Associates and Sperro LLC. In exchange for Fenner &

Associates' payment of the attorney's fee, UpRight would advise its clients to incur additional debt by allowing Fenner to arrange the surrender of their vehicle to Sperro LLC. (Hereinafter referred to as the "Scheme").

11.     The Scheme was recently described in detail by this Court in *In re White*:

> When a prospective bankruptcy client contacted UpRight, the client was asked whether he owned an encumbered vehicle, and if so, whether he intended to surrender it to the secured creditor who held the lien against the vehicle. If the client responded that he intended to surrender the vehicle, he was told to contact Sperro/Fenner, who would not only pick up the vehicle, but also pay the attorney's and filing fees to UpRight for the client's bankruptcy case. (In the Cook and Mikulin Cases, the Sperro/Fenner scheme saved the debtors $1,485 and $1,935, respectively.)

> Sperro/Fenner would take possession of the vehicle at the client's residence and tow it to another state, often Indiana (based on the belief that Indiana state law allowed towing and storage charges to prime a secured creditor, thus allowing the vehicles to be held hostage). Sperro/Fenner then notified the secured creditor by mail that its collateral was in storage at a Sperro/Fenner facility, and gave the secured creditor a few days to pay Sperro/Fenner's sizable fees for loading, towing, and storing expenses, all unnecessary and fabricated. If the creditor did not concede to the blackmail demand and quickly rescue its collateral, the vehicle was sold at auction, purportedly in conformity with state law and supposedly free of the creditor's lien. According to the findings in *In re Williams*, this scam was utilized nationwide in hundreds of cases, which would include the Cook and Mikulin Cases, and resulted in UpRight's receipt of over $333,000 in attorney's fees.

*In re White*, No. 16-72114-JHH, 2018 WL 1902491, at *2 (Bankr. N.D. Ala. Apr. 19, 2018) (citing findings by the United States Bankruptcy Court for the Western District of Virginia in *Robbins v. Delafield* (*In re Williams*), *Robbins v. Morgan* (*In re Scott*), 2018 WL 832894 (Bankr. W.D. Va.; Feb. 12, 2018)).

12.     Mikulin fell victim to the Scheme.  After contacting UpRight to represent her in her bankruptcy petition, Mikulin entered a "Bankruptcy Chapter 7 Retainer Agreement" with UpRight on June 26, 2015. (Retainer Agreement is attached as Exhibit A). The retainer agreement contained a provision for payment of $1,550.00 for attorney's fees, which was due prior to the filing of the Chapter 7 case.

13.     Pursuant to the Scheme, UpRight then advised Mikulin to allow Fenner to pay the

attorney's fee and allow Fenner's company to handle the surrender of her vehicle. Following UpRight's advice, Mikulin contacted Fenner and eventually surrendered her vehicle to Sperro LLC by delivering her vehicle to a grocery store parking lot in north Alabama where an agent of Sperro LLC met her and took control of her vehicle.

14. The vehicle was transported to Indiana where Sperro LLC charged excessive transportation and storage fees. Notice was given to Mikulin that the vehicle was located at Sperro LLC in Indiana, and the lienholder(s) had been contacted. (Letter from Fenner to Mikulin attached as Exhibit B). Fenner then paid Mikulin's attorney's fees to UpRight. (Copy of Fenner & Associates' payment to UpRight attached as Exhibit C).

15. The Scheme arranged by UpRight caused Mikulin to incur more debt in contemplation of filing her Chapter 7 case.

## CLASS ACTION ALLEGATION

16. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Mikulin brings this action on behalf of herself and all others similarly situated. Federal Rule of Civil Procedure 23 automatically applies to this adversary proceeding pursuant to Bankruptcy Rule 7023.

17. The Class is defined as any who satisfy the following criteria:

    a.    Any person who incurred additional debt in order to pay or have paid an attorney's fee to UpRight.

    b.    Any person who retained UpRight using the Retainer Agreement or a substantially similar document with the intent of filing a Chapter 7 petition in bankruptcy court;

    c.    Any person that surrendered their vehicle(s) and UpRight collected attorney's fees from Fenner & Associates, Sperro LLC, or any other similar

entity or person in exchange;

18.     The class period includes all active Chapter 7 cases and any prospective assisted person or assisted person who had signed a Retainer Agreement within the past six (6) years prior to filing of the original Complaint in this proceeding and ends when this Court issues an Order Approving Class Notice.

19.     Mikulin is unable to state the exact number of Class Members because that information is solely in the possession of UpRight. However, the exact number of class members including the names and addresses of all class members will be easily ascertained through a review of UpRight's business records. Upon information and belief, the putative Class exceeds 150 consumers in the State of Alabama alone. UpRight routinely files hundreds of Chapter 7 bankruptcy cases per year. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

20.     With respect to the actions of UpRight, questions of law and fact common to the Class exist and predominate over questions affecting individual members, including *inter alia,* the following:

    a.     Whether UpRight's advice and arrangement to surrender the encumbered vehicle to Sperro LLC causes an assisted person to incur more debt prior to filing Chapter 7 for the purpose of paying for attorney services, violating the provisions of 11 U.S.C. § 526(a)(4)?

    b.     Whether UpRight's clients incurred more debt as a result of the Scheme?

    c.     Whether the Scheme caused additional injuries to UpRight's clients?

    d.     Whether the Scheme violated additional federal or state laws?

    e.     What is the appropriate amount of damages and relief allowed?

21.    With respect to the actions of UpRight, the claims asserted by Mikulin in this action are typical of the claims of the members of the Class because, upon information and belief, UpRight uses standardized procedures when attempting to collect attorney's fees through Fenner & Associates, Sperro LLC and any other similar entity or person prior to filing a Chapter 7 bankruptcy petition. The claims of Mikulin and of the Class originate from the same conduct, practice, and procedure. Mikulin possesses the same interests and has suffered the same injuries as each Class Member. There are no individual facts which distinguish Mikulin from other Class Members that would prohibit Mikulin from prosecuting this lawsuit on behalf of the Class.

22.    With respect to the action, Mikulin will fairly and adequately represent and protect the interest of the members of the Class because she has no interest antagonistic to the Class she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other Class Members. Whether UpRight's advice to Mikulin to surrender her encumbered vehicle to Sperro LLC for payment of Chapter 7 attorney's fees by Fenner & Associates or similar entities or persons violates the Bankruptcy Code is an issue that will be decided for all other consumers with similar or identical claims. There is nothing peculiar about Mikulin's situation that would make her inadequate as class representative. Mikulin has retained counsel competent and experienced in bankruptcy, consumer protection, and class action litigation.

23.    With respect to the actions of UpRight, a class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class Member will be relatively modest, compared to the burden and expense of copious individual litigation. It would be impracticable for each Class Member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be

cost prohibitive as actual damages for each individual violation would be approximately $1,550.00. It would be difficult, if not impossible, to obtain counsel to represent plaintiffs on an individual basis for each small claim. More importantly, the vast majority of Class Members are not aware that UpRight's advice to surrender their encumbered vehicle to Sperro LLC for payment of Chapter 7 attorney's fees violates the Bankruptcy Code, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues relate to a standardized pattern of conduct by UpRight, and class actions are commonly used in such circumstances.

24.     Plaintiff maintains the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded, further divided into subclasses, or modified in any other way.

## COUNT I - VIOLATIONS OF 11 U.S.C. § 526

25.     This Count is brought by Mikulin for damages against UpRight on behalf of the affected Class pursuant to 11 U.S.C. § 526.

26.     That section prohibits a debt relief agency from advising an assisted person or prospective assisted person to "... incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title." 11 U.S.C. § 526(a)(4).

27.     UpRight has intentionally and/or negligently violated the above prohibitions by advising assisted persons after the signing of a Chapter 7 retention agreement to surrender their encumbered vehicle to Sperro LLC for payment of Chapter 7 attorney's fees by Fenner & Associates or similar entities or persons. Such violation includes both provisions which prohibit

incurring more debt prior to the filing of the Chapter 7 and the payment of fees for attorney services through the incurring of more debt.

28.    Based on the violation of the above prohibitions, the contract between Mikulin and UpRight is void pursuant to 11 U.S.C. § 526(c)(l).

29.    Based on the violation of the above prohibitions, UpRight is liable for the return of all paid attorney's fees, actual damages, and for attorney's fees for this class action pursuant to 11 U.S.C. § 526(c)(2).

30.    Based on the violations of the above prohibitions, UpRight has engaged in a clear and consistent pattern in violation 11 U.S.C. § 526. Accordingly, UpRight should be enjoined from such violative behavior and subjected to an appropriate civil penalty of at least $1,000,000.00 pursuant to 11 U.S.C. §526(c)(5).

31.    Mikulin also requests any other relief deemed appropriate by the Court as a result of the violations committed by UpRight.

## RELIEF REQUESTED

WHEREFORE, Mikulin requests that this Court:

A.    Void the contracts between Mikulin and putative Class Members and UpRight;

B.    Order the rescission of the contracts between Mikulin and putative Class Members and UpRight;

C.    Certify the Class as to Count I and enter an Order declaring that the conduct by UpRight against the Class Members violates 11 U.S.C. § 526;

D.    Provide injunctive relief as to Count I to prevent UpRight from any additional violations of 11 U.S.C. § 526;

E.    Award to the Class Members a return of all attorney' s fees collected by

UpRight from Fenner & Associates, Sperro LLC and any other similar entities or persons, actual damages, attorney's fees, and costs for this action;

F.     Award an appropriate civil penalty in excess of $1,000,000.00 for the continuing clear and consistent pattern of violations; and

G.     Award any other such relief as this Court deems necessary and just.


DATED this _1st_ day of May, 2019.


                                        Respectfully submitted,

                                        /s/ Luke Montgomery
                                        Luke Montgomery
                                        Brad Ponder
                                        Montgomery Ponder, LLC
                                        2226 First Avenue South; Unit 105
                                        Birmingham, Alabama 35203
                                        Telephone: 205.201.0303
                                        Facsimile: 205.208.9443
                                        Luke@montgomeryponder.com
                                        Brad@montgomeryponder.com

                                        /s/ Harry P. Long
                                        Harry P. Long
                                        Law Offices of Harry P. Long, LLC
                                        P.O. Box 1468
                                        Anniston, Alabama 36202
                                        Telephone: 256.237.3266
                                        Facsimile: 256.237.3268
                                        Hlonglegal8@gmail.com

                                        Attorneys for the Plaintiff

# Exhibit A

DocuSign Envelope ID: E7BC972F-1DC1-4858-BAE3-F21E2B088CB9

# UpRight Law LLC

## *ATTORNEY CLIENT BASE RETAINER AGREEMENT FOR CHAPTER 7 BANKRUPTCY RELATED SERVICES*

This Agreement is executed between    UpRight Law LLC    and the undersigned ("Client" or "Debtor"), collectively the "Parties". This agreement contemplates bankruptcy related services ("Bankruptcy Services" or "Services") ONLY and no other services. Firm is not retained to represent Client in any other legal proceedings. Firm will NOT take any action outside of Services described in this Base Retainer Agreement ("Agreement"). Client acknowledges that no creditor actions including letters, utility shut-off's, garnishments, repossessions, taxing authority's actions, or foreclosure sales will be stopped until the petition is filed. Client is responsible for informing Firm of any critical dates including foreclosure sale dates.

1.    **Type of Bankruptcy Representation and Venue.** Client retains Firm, (and not any specific attorney/staff member) to represent Client for Chapter 7 Bankruptcy Services. This Agreement is subject to Client residing in Client's current county of residence for the duration of the Services. If Client determines at a later date that Client desires to file or convert to a Chapter 13, the parties shall execute a new retainer agreement. This Agreement does not include representation in any objection to discharge, audit, adversary proceeding, or any contested matter. Firm will require an upfront retainer if Firm agrees to represent client in any such other matter.

2.    **Type of Retainer Fee ("Retainer" or "Fee").** Client retains Firm under a General Retainer known as a "FLAT FEE" RETAINER" whereby Firm agrees to provide Services for a fixed amount. Firm is retained on a flat fee basis and not on an hourly basis unless otherwise indicated in this Agreement, and is therefore NOT charging its usual hourly rates of $395.00 per hour for attorney time and $125.00 for paraprofessional time. Client understands that before Client verbally agreed to retain Firm, Firm provided legal services to Client through the Financial Empowerment Session (FES), and that as soon as Client signs this written retainer agreement with Firm, Firm will re-review all intake documents and Client information, set up payment plans in Firm's case management system, and perform other administrative tasks associated with opening Client's file. If Client terminates Firm's services, Firm will perform legal and administrative services associated with closing Clients matter. Client understands that the time associated with opening and closing Client's matter will amount to no less than 2 hours of time. As a result, if Client terminates Firm at any time before conclusion of this representation, Firm will have earned fees in this matter. Client agrees that Client owes fees for any pre-termination services and that the value of the services will be computed by estimate of lawyer and paraprofessional time that has been expended, except that if Client terminates Firm's services within 24 hours of a verbal retention, no fees will be charged to Client and any fees paid by Client before termination will be refunded; if Client terminates the Firm more than 24 hours but less than 72 hours after verbal retention, Firm will charge client a $100 processing fee and will refund 75% of any fees paid by Client as of the time of termination; or if Client terminates Firm more than 72 hours but less than one week after verbal retention, Firm will charge client a $100 processing fee and will refund 50% of any fees paid by Client as of the time of termination, all subject to the Client's right to request a refund calculated by

DocuSign Envelope ID: E7BC972F-1DC1-4868-BAE3-F21E2B088CB9

estimates of time expended by Firm in regard to Client's case. The refund policy also applies in the event of a termination of this Agreement by Firm. Firm may terminate at will, but ordinarily does not terminate unless Firm believes that Client has acted abusively toward Firm staff, failed to cooperate with Firm in completing Client's case, has lied to Firm, or involves the commission of a crime. Because this is a flat fee representation, Client expressly waives any rights to any accounting or monthly billing of time spent on this matter. Firm may not keep records of time spent on this matter. Time will be estimated and hourly rates will be used in the event of any fee dispute. The Fee is earned when paid and immediately becomes property of the Firm. Fees will be placed into Firm's general expense/operating account and -will NOT be placed into any Firm IOLTA client trust fund account, or any other type of Trust or Escrow account unless required by the rules of the jurisdiction in which Client's matter will be filed.. The Retainer is paid by Client to the Firm in order to ensure Firm's commitment of availability for a time period, representation for Services, assumption of Professional Responsibility, and consultation. The amount of the Retainer is based upon the information provided by Client at the consultation and in the information intake sheet and may be adjusted upward by several factors including (i) required services beyond the Bankruptcy Services defined herein, (ii) undisclosed assets, income, debts, transfers and preferences, (iii) failure to pay all the fees and costs within the prescribed time; (iv) creditors exceeding 25 in number, or; (v) additional unsecured debt 20% in excess of amounts indicated by Client at the consultation charged at two and one half (2.5%) of the additional unsecured debt. The Retainer is based on the following assumptions: (a) the Client has provided the Firm with complete and accurate information and fully disclosed all financial information to Firm; (b) the Client's circumstances, particularly the Client's current monthly income does not substantially change prior to the filing of the petition; (c) client provides all requested documents within 15 days of the date of this Agreement. Client acknowledges that Client has 60 days from Client's final payment of Fees to turn in all requested documents or will be charged an additional Fee of $375.00, and that any amounts on deposit with Firm to pay filing fees or other costs will be applied by Firm toward that $375 Fee. No Chapter 7 petition will be filed until all Fees and costs are paid in full and Client provides all documents. Firm assumes no responsibility for any changes in laws should client delay the filing by not paying quickly and providing required documentation.

3.    **Payment Term.** The Retainer must be paid in full within 6 months from the date of this Agreement after which the terms of this agreement terminate with no further notice or, subject to paragraph 5 below, obligations due from either party, except that parties can renegotiate terms upon which representation will continue. Client authorizes Firm to make changes to any payment schedule and take payments with verbal authorization.

4.    **Virtual Representation.** Client understands and agrees that Firm represents its clients virtually, meaning primarily through means of telephonic and digital (online) communication. Client agrees that whenever possible, Client's communication with the firm will not be face to face at a physical office, but rather through email, over the phone or through a virtual meeting room that Client accesses through Client's computer or telephone. Client has elected to use the Firm, in part, because the Firm offers this service and Client finds this service to be more efficient and convenient. Client also understands that court rules within Client's local jurisdiction may require Client to sign Client's final documents in the presence of the lawyer, in which case Client

agrees that Client will travel to Client's lawyer's office at a mutually agreeable meeting time. At Client's request, Client has the right to arrange a meeting with Client's attorney at lawyer's local office or a location mutually agreeable by lawyer and Client. Client understands that Firm reserves the right to charge Client a $100 fee for each in office visit. Client further understands that due to the scheduling challenges associated with in office visits, such visits may cause a delay in the Client's case being filed.

5. **Guarantee - Refund Policy.** Firm offers a 100% Money Back Guarantee that if the courts do not accept your bankruptcy filing because of an error on our part, we will refund 100% of your money, including the filing fee. The guarantee covers everything that a bankruptcy law firm produces in order to successfully complete a bankruptcy. We guarantee that it will be done in a manner that is accepted for filing with the bankruptcy clerk's office. Exceptions: There may be reasons beyond our control that may cause a case to be dismissed or cause the result to be different than what Firm represented was the likely outcome. Therefore, the 100% Money-Back Guarantee does not guarantee; a) that you will receive a discharge. b) that you will receive a discharge of all debts or of any particular debt. c) that you, our client, will successfully complete all of your obligations including accurate disclosure of debts and assets, completing your forms and courses on time and attending your 341 meeting as scheduled. d) that you will not lose assets in chapter 7, or that creditors won't successfully argue for the repossession of collateral in chapter 13. e) that you will not encounter challenges of any kind to your bankruptcy case. Except as provided in this paragraph ad in section 2 above, all fees forwarded and paid to Firm constitute earned compensation upon receipt by Firm and become property of the Firm and Firm is not obligated to refund any portion to Client regardless of when or in what manner this matter may be concluded, or this agreement terminated.

6. **Due Diligence.** Firm may investigate/verify the information provided by Client via third party sources and is authorized to amend information provided by Client as a result of its investigation. Firm may order (at Client's expense), or request client order, due diligence documentation/items, including but not limited to appraisals, real estate and auto valuations, credit checks, tax transcripts, asset searches and anything firm deems appropriate to confirm Client information. If not provided by Client within 30 days of request, or at Client's request, Firm, at its discretion is authorized to utilize certain due diligence products and pass through to Client the cost of such products plus a reasonable administrative fee to compensate Firm for the time to order and process such documents.

7. **Debtor's Obligations to Pay Designated Costs/Fees/Due Diligence.** In addition to the Retainer, the Client shall be obligated to obtain/pay for the following items: (a) Pre-filing consumer credit counseling; (b) post-filing debtor education instructional course; (c) tax transcripts; (d) public record, asset/lien searches; (e) copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, appraisals, broker price opinions (BPO), auto valuations, and other similar documents; (f) any other records or statements not produced by Client; (g) administrative costs, e.g., postage, parking, copies, gas limited to a flat fee of $100; (i) court costs related to the potential filing of a Chapter 7 bankruptcy case (currently $335 as of 6/1/14); and (j) cost of amended schedules ($176.00).

DocuSign Envelope ID: E7BC972F-1DC1-4868-BAE3-F21E2B088CB9

8.    **Bankruptcy Services further defined.** The Services included in the Retainer are (a) analyzing the client's financial situation, and advise and assist the client in determining whether to file a petition under the Bankruptcy Code; (b) when applicable, filing the debtor's payment advices together with the Payment Advice Form (c) providing consultation to enable the Client to make an informed decision about filing Chapter 7; (d) advising Client of all available exemptions; (e) assisting the Client in complying with all of the requirements imposed by the Bankruptcy Laws and Rules, (f) preparing and filing the petition, all required lists, schedules and statements, as well as any amendments that may be necessary or appropriate; (h) filing the certificate required from the individual debtor from an approved nonprofit budget and credit counseling agency for pre- petition credit counseling; (I) drafting and mailing notice to creditors; (j) notifying Client of, preparing Client for, and attending the Section 341 meeting of creditors; (k) assisting Client in complying with information requests by the Bankruptcy Trustee, the Court, or other parties; (l) communicating with all parties involved in the case; (m) reviewing of Bankruptcy Petition and Schedules; (n) sending any pre-filing correspondence; and (o) calculating Current Monthly Income to determine if any presumption of abuse would arise under the bankruptcy code; (p) filing the debtor's certification of completion of instructional course concerning financial management . Client has received a free consultation without any obligation to retain Firm. Client agrees that the consultation time is now part of the Bankruptcy Services. As to subsection (f) of this section, Debtor expressly authorizes Firm to designate counsel to appear on Client's behalf at creditor meetings and hearings, at no additional cost to Client.

9.    **Additional or Non-Base Legal Services POST-PETITION.** Legal services which are beyond those contemplated in the Base Retainer will be provided by Attorney POST PETITION at an additional fee, including but not limited to representing Client in: (a) discharge proceedings, including those related to student loans, taxes or undue hardships; (b) motions for relief from, or continuation, defense or enforcement of the Automatic Stay (hourly); (c) motions to redeem personal property ($600.00); (d) rule 2004 examinations (hourly); (e) motions to avoid liens/judgments($500.00); (f) contested matters or adversary proceedings (hourly); (g) contested matters regarding Client's claim of exempt property (hourly); (h) Amend any list, schedule, statement, and/or other document required to be filed with the petition as may be necessary or appropriate (hourly); (i) motions to continue the 341 meeting of creditors and/or appearing for a continued 341 hearing($150.00); (j) motions or adversary complaints to abandon/refinance/sell/purchase property (hourly); (k) assisting in carrying out the Debtor's Statement of Intentions (hourly); (l) monitoring an "asset case" (hourly); (m) re-opening a bankruptcy case to submit post-filing proof of pre-discharge counseling ($355); (n) issues that arise that are not specifically listed in the Retainer (hourly). For such non-base services, you will be charged $395.00 per hour for attorney time and $125/hour for paraprofessional time billed in 6-minute minimum increments, however, the Firm will be entitled to contingency fee of 25% of garnishment/wage assignment recovery. Client hereby authorizes Firm, but does not require it, to investigate for the existence of violations of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes or bankruptcy code violations, and to prosecute them with or without the assistance designated counsel as Firm deems necessary to pursue such claims. If Client decides with Firm to bring an individual Lawsuit then, in the event of a recovery through settlement or judgment, the fee will be calculated by applying the greater of: a) a multiple of Firm's usual hourly rates at the time of the Recovery, times the actual hours

expended on this matter, or; b) $1750 of the first $2000 in total Recovery, plus 50% of the Recovery in excess of $2000, or; c) in the event Firm successfully pursues an FDCPA or TCPA claim, Client shall receive no less than $250. **If Firm loses a lawsuit brought on Client's behalf then Client will <u>not</u> be obligated to pay a fee or costs.**

10. **Reaffirmation Agreements.** Firm is retained to negotiate, review, and execute any re-affirmation agreements with Client's creditors, and to appear at any reaffirmation hearings. Where permissible, such services are considered Non-Base Services and Firm will charge $150.00 per signed reaffirmation. In various jurisdictions, services for reaffirmation agreements may not be excluded in Firm's limited scope retainer agreement, in which case the Firm will waive the $150.00 fee. Client understands creditors are not obligated to offer reaffirmation agreements. Unless Client obtains a reaffirmation agreement from creditor and contacts Firm to negotiate and/or file a reaffirmation agreement signed by BOTH creditor and Client, Client and Firm shall presume no reaffirmation agreement exists or was requested by Client. Client should continue to make payments on items Client desires to reaffirm, obtain an executed reaffirmation agreement, or risk losing said items. Client agrees the Firm has no obligation to execute any reaffirmation agreement and reserves the right NOT to sign/execute any reaffirmation agreement on behalf of Client, particularly if, in the Firm's reasonable judgment, executing such agreement would not be in the best interest of Client.

11. **Receipt and Acknowledgement of Mandatory Notices and Disclosures.** The Bankruptcy Code as amended effective 10/17/2005 requires that Firm provide mandatory notices and disclosures to Client. Client acknowledges that Client has received, read, and understands the two documents titled Statement Mandated by Section 527(b) of the Bankruptcy Code and Notice to Clients Who Contemplate filing Bankruptcy. Such disclosures are acknowledged by Client, and are incorporated by reference and made part of this Agreement

12. **Client Representations of Good Faith and to Firm.** Client attests and affirms that they have not given Firm any false or misleading information or omitted any information from Firm. If Client is making payment arrangements, Client agrees to "auto pay" via debit card or ACH from a checking account, set up with Firm's billing department as part of Firm's willingness to take payments and any payments sent by check may be converted and processed by Firm as an ACH or "V-Check" transaction.

13. **NSF Checks.** Client agrees to pay a $50.00 for dishonored checks plus fees/costs associated with collection, thereof, and any other balance due on this account, including but not limited to attorney fees and court costs, with a minimum fee of $500.00 for additional attorney fees.

14. **Retention and Disposition of Records.** Firm maintains files indefinitely, but reserves the right to destroy any file 10 years starting from the date the case is closed. Firm encourages Client to keep and maintain copies of all bankruptcy related matters. Client may request a copy of the file or any documents within the file by sending a written request with a retrieval and duplication fee of $50. Firm satisfies such requests within thirty (30) days of receipt. Client may expedite delivery to under ten days by paying $75 per request.

15.   **Limited Power of Attorney.** Client agrees that the signature on this contract also grants Firm a limited power of attorney to affix its signature to any authorization forms required to (a) obtain tax information from any third party tax preparer, accountant, the state or federal taxing authority or any other party in possession of any type of tax information/returns related to Client, including, but not limited to copies of Client's tax returns and/or transcripts, and 2) obtain due diligence products from third parties including, but not limited to, real estate appraisals and/or comparative market analyses, title searches, asset searches, personal property valuations, and credit reports.

16.   **I/WE UNDERSTAND THAT THE INFORMATION DISCLOSED IN THE PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMENT AND HEAVY FINES.**

DATED: ____6/26/2015____

CLIENT(S):

Client: _Diane Mikulin_
          DocuSigned by:
          8A1F03B8F5C14D3...

Print:   Diane Mikulin

FIRM:   UpRight Law LLC
        A Debt Relief Agency

For Firm: _Mari Morrison_
          DocuSigned by:
          C41517C475EE40C...

Print:   Mari Morrison

## AUTOMATIC PAYMENT PROGRAM APPLICATION
## AND AUTHORIZATION FOR WITHDRAWALS

This authorization shall be attached to and become part of the signed, acknowledged, and executed written Attorney Client Retainer Agreement for Legal Services ("Agreement"), and in accordance with, and subject to the terms and conditions of said Agreement with Firm, that was entered into on _____6/26/2015_____, by and between  UpRight Law LLC  ("Firm") and the undersigned.

By execution hereof and by providing the banking information listed below, the undersigned fully authorize Firm to charge my/our hometown bank checking/savings account by initiating single or recurring ACH, debit or credit entries to my/our accounts at the depository institution named below on a regular basis (i.e. when the charges would typically be invoiced to Client(s) by Firm in the regular course of business, or when they are incurred in accordance with the Agreement) as payment for the legal services, expenses and related costs described above and in accordance with the Agreement between Firm and Client executed for legal representation. Examples of charges that are authorized herein, include but are not limited to, (a) all legal fees for services as set forth in the Agreement; (b) all expenses, including but not limited to, all expenses, court costs, filing fees, due diligence costs, set monthly payments (if any agreed to) and the like as set forth in the Agreement; (c) all fixed charges as set forth in the Agreement in relation to Firm's representation of Client(s); (d) all variable services as set forth in the Agreement, including but not limited to administrative, copy, fax, parking, long distance, or other charges incurred as part of Firm's representation of Client(s) pursuant to the Agreement, including without limitation, all services described in the Agreement.

Additionally, the undersigned further authorize Firm to initiate any adjusting or correcting entry or entries as may be necessary to fulfill Client(s) obligations to Firm. I/we agree not to challenge or reverse said authorized payments but may cancel this Agreement for future payments by written notice received by Firm, in accordance with and subject to the terms and conditions of my/our written Agreement with Firm, and this application and authorization are hereby made apart of said written agreement in those instances.

It is understood and agreed that any charge initiated by Firm will be on behalf of the legal agreement I/we have with Firm and will be considered a payment on our legal agreement with Firm pursuant to said Agreement and I/we will be fully credited with the full payment charged to said Agreement. I/we understand that for bankruptcy related services we may NOT use a credit card but may use a debit card with a credit logo that is linked to a checking, savings, or money market account.

I/we are a duly authorized signor on the account, identified herein, and authorize all the above as evidenced by my/our signature(s).

**Summary of Fees:**

Attorney's Fees: $ 1550.00       Court Filing Fees: $ 335.00       Report Fees: $ 50.00

TOTAL FEES:  1935.00

I/WE, the undersigned, hereby authorize UpRight Law LLC to debit the checking/savings account listed above for the amount(s) authorized above beginning on the dates listed above and in accordance with my Agreement with Firm and this Application. This authorization is to remain in full force and effect until UpRight Law LLC (Firm) has received written notification from me/us of its termination in such time and manner as to afford UpRight Law LLC (Firm) a reasonable opportunity to act on it.

Any changes to the draft dates listed on this form must be made five (5) days in advance of the scheduled payment. We are unable to change or stop any charges from processing without a minimum of 5 days notice. Postponement or cancellation of fees may result in a lapse or termination of representation. UpRight Law LLC and its processors; their employees agents, vendors and officers are not responsible for any and all costs, fees, charges, expenses or damages resulting from the collection and debit of any scheduled payment(s) authorized, agreed to and acknowledged by client.

DATED: 6/26/2015

Card Ending in: 0880

Expiration Date: 7 / 2019

Billing Zip Code: 35749

CLIENT SIGNATURE: *Diane Mikulin*
—DocuSigned by:
—6A1F0398F5C14D3...

Print Name: Diane Mikulin

DocuSign Envelope ID: E7BC972F-1DC1-4858-BAE3-F21E2B086CB9

## DISCLOSURES REGARDING AUTO-DIALED AND PRE-RECORDING
## TELEMARKETING MESSAGES

You agree that the law firm may contact you via automated dialer and pre-recorded message and electronic message and/or on behalf of others with information about services that law firm believes are beneficial to you. By signing below and providing a permissible contact number, you agree to receive such contacts. Your eligibility to qualify for law firm's services does not depend on you agreeing to receive such contacts.

DATED: __6/26/2015__

Consent: Diane Mikulin
DocuSigned by:
8A1F03B8F5C14O3...

Phone #: ████

### A DEBT RELIEF AGENCY, DISCLOSURES TO AN ASSISTED PERSON IN RELATION TO A BANKRUPTCY CONSULTATION

Please note this form is mandated by statute, it may or may not correctly make you understand the full extend of the laws related to filing bankruptcy.

Section 527 of the Bankruptcy Code requires a Debt Relief Agency to provide an assisted person with the following information:

### RULES FOR FILING BANKRUPTCY
Notice required under 11 U.S.C. Section 527(a)

**If you do not follow these rules you could be subject to Criminal Sanctions including JAIL and FINES. If you do not follow these rules your case will be dismissed and you may not be able to re-file your case.**

**Rule #1** – The information you give, or are required to give, to an attorney, a staff member of the law firm, the Bankruptcy Trustee, or the Bankruptcy Court that is provided with your petition, or that is required to be provided with your petition, and during the case must be complete, accurate, and truthful, at all times, before filing and thereafter.

**Rule #2** – Everything you own (all assets) and every debt you owe including family members (all liabilities) must be completely and accurately disclosed in the documents filed to commence this case. Bankruptcy is not a "pick and choose" proceeding. You do not leave some debts in and leave some debts out. Everything must be included and disclosed. You must value each item you own at the rate it would cost you to replace the item with one of the same condition, age, and usefulness and you are required to undertake a reasonable inquiry to establish such value.

**Rule #3** – You will be required to complete a current monthly budget. This will be performed with your attorney. This budget will be based on your Current Monthly Income and your regular monthly expenses. This Current Monthly Income is more than just that paid to you by your employer and will include any income received in the past 6 months commencing with the first full month before your bankruptcy filing. This could include government assistance, social security, unemployment, or side jobs or any other sources. The regular expense should be as close as possible and should be based on a reasonable inquiry which you are required to undertake.

**Rule #4** – The Bankruptcy Code requires you to perform certain tasks including filing certain documents with the Court. Your attorney will notify you of the need and time limits for performing these tasks. If you fail to meet these deadlines your case will automatically be dismissed and you may be barred from re-filing a case.

**All of the information you provide will be subject to audit by the United States Department of Justice, through the United States Attorney and the United States Trustee. If you fail to provide this information your case may be dismissed and you may be sanctioned by the Court. If you act dishonestly you may be subject to criminal sanctions as well.**

Initials: _DM_

DocuSign Envelope ID: E7BC972F-1DC1-4858-BAE3-F21E2B088CB9

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES
## FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

- If you decide to seek bankruptcy relief, you should be advised that you can represent yourself in all matters connected with the bankruptcy.

- If you decide to seek bankruptcy relief, you should be advised that you can hire an attorney to represent you.

- If you decide to seek bankruptcy relief, you should be advised that in some areas you may hire a bankruptcy petition preparer who is not an attorney.

**THE LAW REQUIRES AN ATTORNEY TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY WILL DO FOR YOU AND HOW MUCH IT WILL COST. ASK TO SEE THIS CONTRACT BEFORE YOU HIRE AN ATTORNEY.**

Although bankruptcy cases can be complex, many of the procedures and cases are routine. Before filing a bankruptcy case, you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most beneficial to you. Be sure you understand the relief you can obtain and its limitations.

To file a bankruptcy case, documents called Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court.

Once your case is filed, you will have to attend a first meeting of creditors where you will be questioned under oath by a court official called a "trustee." At this meeting you may also be questioned by your creditors.

If you chose to file a Chapter 7 case, you may be asked to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you chose to file a Chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your Chapter 13 plan and with the confirmation hearing on your plan which will be before a Federal Bankruptcy Judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court. BE AWARE- Only an attorney can give you legal advice and can represent you in court. Bankruptcy petition preparers may not give you legal advice or represent you in Court or otherwise.

Initials: _DM_

DocuSign Envelope ID: E7BC972F-1DC1-4858-BAE3-F21E2B088CB9

## CLIENT INSTRUCTIONS
### Pursuant to 11 U.S.C. Section 527(c)

### DEFINITIONS

**1. Replacement Value** – Certain sections of the Bankruptcy Code will require you to determine the value of your personal and real property. We will provide you assistance with this calculation but we are required under law to provide a written explanation of this term. For personal, family and household purposes the replacement value is the value a retail merchant selling the item would charge considering the age and condition of the item. The Code does not define the term "retail merchant."

> **Example:** Assume that you have a DVD player that is 3 years old. You have been using the DVD player regularly and it works. The replacement value for this item would be what a used store or flea market would *price* the item. In doing this calculation, you do not have to be precise, just reasonable. UpRight Law LLC will assist you with any inquires as to valuing your household items.

**2. Current Monthly Income** – Under certain sections of the Bankruptcy Code you will be required to calculate your Current Monthly Income. This is more than what you receive every time you get a pay check. This includes all income you have received over the last 6 months divided by 6. This means that if you lost your job last month your total income for that month could be almost zero. This income even includes income that is not taxable. This calculation does not take into account many government benefits including social security.

**3. Calculations** – If you file a Chapter 13 plan you will be required to submit a budget that calculates disposable income left over when you deduct your monthly expenses from your monthly income. These expenses do not include your payments on unsecured debts. An attorney will assist you with these calculations. If your Current Monthly Income is higher than the State Median Income for your household size you will be subject to a Means Test. This Means Test adds up your total expenses as defined by the Bankruptcy Code and other deductions including regular charitable donations (up to 15% of your income), school expenses, payments on 401(k)/IRA loans, and health insurance. If you are subject to this calculation an attorney will help you perform this task.

**4. Creditor Matrix** – If you file a Chapter 13 case, you may be required to prepare and submit a master mailing matrix in a format approved by the Court that includes the names and addresses of all of your creditors. (Many Jurisdictions have now omitted that requirement). The matrix must be in three columns and in alphabetical order. You must also list any persons who have co-signed or guaranteed loans for you. In addition, the law in your jurisdiction may require that you list the following parties even if you owe them no money: the Internal Revenue Service, the Department of Revenue of your State, the City or County tax authority in your place of residence, the Office of the United States Attorney, and the Office of the State Department of Justice or Attorney General. All creditors have designated a specific address for the receipt of notices of bankruptcy and in connection therewith you must use the address designated on 2 of the most recent statements received from each creditor within the 90 day period before the filing of your case. If your matrix is not filed in the proper format, your case may be subject to dismissal by the Court.

**5. Exemptions** – In order to protect your property you will need to claim applicable exemptions provided by State or Federal Law. UpRight Law LLC will assist and advise you on the proper exemptions to claim for your case.

Initials: _DM_

## ACKNOWLEDGEMENT OF RECEIPTS
## RULES FOR FILING BANKRUPTCY
*Notice required under 11 U.S.C. Section 527(a)*

### ACKNOWLEDGEMENT OF RECEIPT

I/we, acknowledge and certify, that an attorney with   UpRight Law LLC       has given to me and reviewed with me a copy of the Rules for Filing Bankruptcy as required by § 527(b) of the Bankruptcy Code.

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES
## FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

### ACKNOWLEDGEMENT OF RECEIPT

I/we, acknowledge and certify, that an attorney with   UpRight Law LLC       has given to me and reviewed with me a copy of the Important Information about Bankruptcy Assistance Services as required by § 527(b) of the Bankruptcy Code.

## CLIENT INSTRUCTIONS
Pursuant to 11 U.S.C. Section 527(c)
## DEFINITIONS

### ACKNOWLEDGEMENT OF RECEIPT

I/we, acknowledge and certify, that an attorney with   UpRight Law LLC       has given to me and reviewed with me a copy of the Definitions as required by § 527(c) of the Bankruptcy Code.

I/we acknowledge to have read, reviewed, understand and received an exact completed all 4 pages of these Disclosures

DATED:_____ 6/26/2015

| CLIENT(S): | | | FIRM: | UpRight Law LLC |
|---|---|---|---|---|
| | | | | A Debt Relief Agency |
| Client: | *Diane Mikulin* | | For Firm: | *Mari Morrison* |
| | —DocuSigned by:— | | | —DocuSigned by:— |
| Print: | Diane Mikulin | | Print: | Mari Morrison |

*These rules and disclosures are given as a warning and not as an attempt to scare you from filing bankruptcy. Bankruptcy is a right provided to you under Federal Law. These Rules are only given to prevent people from intentionally abusing this by cheating and being dishonest. This notice is required by law under the Bankruptcy Reform Act enacted by Congress under intense lobbying by the credit industry and should not intimidate you from filing bankruptcy. Our office has assisted thousands of people with filing bankruptcy. Our office has observed that almost all of our clients are honest and hardworking people who, due to circumstances beyond their control, cannot repay their debts.*

Initials:_____ DS / DM

## CLIENT INSTRUCTIONS
### Pursuant to 11 U.S.C. Section 342(b)
### Types of Bankruptcy

**Chapter 7 – Liquidation**

(The filing fee for the Clerk of the US Bankruptcy Court is currently $335.00 as of November 1, 2011, and is subject to change. This does not include attorney fees, due diligence expenses or other costs).

Chapter 7 is designed for debtors who are having financial difficulties and are not able to re-pay their debts.

If your current monthly income is above the State Median Income you will be required to perform a Means Test to determine if you are eligible for this type of bankruptcy relief. If you do not meet the requirements of the Means Test then you may be precluded from filing a Chapter 7 and have the option of converting to Chapter 13 or filing a Chapter 13.

Under Chapter 7 a Trustee takes possession of all your property. You may claim certain property as exempt under State law. You can only exempt the value of property that is not subject to the liens of your creditors. The Trustee then liquidates the non-exempt property and uses the proceeds to pay off your creditors according to priorities of the Bankruptcy Code.

The purpose of filing a Chapter 7 is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the Court, and the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated with alcohol or drugs.

Under certain circumstances you may be able to keep property that you have purchased subject to a valid security interest. Some of these options include what is called redemption and the renewal or reaffirmation of an existing pre-bankruptcy debt. Your attorney can explain the options that are available to you.

**Chapter 13 – Repayment of All or Part of the Debts of an Individual with Regular Income**

(The filing fee for the Clerk of the US Bankruptcy Court is currently $310.00 as of November 1, 2011, and is subject to change. This does not include attorney fees, due diligence expenses or other costs).

Chapter 13 is designed for individuals with a regular and stable source of income who are temporarily unable to pay their debts but who desire to use their best efforts and good faith to pay them in installments over a period of time subject to the protections afforded by the Chapter 13 rules. You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under Chapter 13 you must file a plan with the Court to repay your creditors all or part of the money that you owe them, using your future earnings or by the disposition and/or abandonment of certain collateral such as land and motor vehicles. You are protected from your creditors in most cases upon the filing of your case but your plan must be approved by the Court before it can take effect.

Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

After completion of payments under the plan, your debts are discharged except for any domestic support obligations, student loans, and certain taxes, among others.

**Chapter 11 – Reorganization**

(The filing fee for the Clerk of the US Bankruptcy Court is currently $1,046.00 as of November 1, 2011, and is subject to change. This does not include attorney fees, due diligence expenses or other costs).

Chapter 11 is designed primarily for the reorganization of businesses but is also available to consumer debtors. Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney. Most Chapter 11 cases are simply too expensive for the great majority of consumer debtors. Most individuals are aware of the high profile Chapter 11 cases that have been filed in recent years by many of the commercial airlines.

**Chapter 12 – Family Farmer**

(The filing fee for the Clerk of the US Bankruptcy Court is currently $246.00 as of November 1, 2011, and is subject to change. This does not include attorney fees, due diligence expenses or other costs).

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13. The eligibility requirements are restrictive, limiting its use to those who whose income arises primarily from a family owned farms or fisheries.

**Credit Counseling**

Reputable credit counselors can advise you on managing your money and your debts. They may also be able to develop a plan to repay your debts. But, most credit counselors are not reputable and charge high fees and contributions that will cause you to fall deeper into debt. Furthermore, many misrepresent their non-profit status and/or their affiliations with religious or charitable organizations. UpRight Law LLC , only recommends that a person seek the credit counseling services of a group that has been approved by the United States Trustee Department or the Bankruptcy Administrator.

Initials: _DM_

<u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials (Honesty is Required)</u>

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a case under this the bankruptcy code shall be subject to fine, imprisonment, or both and all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

WARNING: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## ACKNOWLEDGEMENT OF RECEIPT

I/we, acknowledge and certify, that an attorney with    UpRight Law LLC        has given to me and reviewed with me a copy of the Types of Bankruptcy as required by § 342(b) of the Bankruptcy Code.

DATED:_____6/26/2015_____

CLIENT(S):                                FIRM:    UpRight Law LLC
                                                  A Debt Relief Agency

Client: _Diane Mikulin_                   For Firm: _Mari Morrison_
        8A1F03B8F5C14D3...                          C41517C476EE40C...

Print:   Diane Mikulin                    Print:   Mari Morrison

# Exhibit B



# SPERRO LLC
### PO BOX 163 CAMBY IN 46113

## NOTIFICATION

DATE: 7-6-2015

Dian Milkulin
191 Alt Harvest Road
Harvest AL 35749

You are the registered Owner/ Lien Holder of record on the following vehicle:

Vehicle Description 2011 Volkswagen Jetta
VIN 3VW2K7AJ8BM060009

This letter is considered proper notification in compliance with Indian Bureau of Motor Vehicles code, ( IC 9-22-1-13 through   IC 9-22-1-19 and Indiana Code IC 9-22-5-15), that this vehicle is at our location, on our premises and   we have contacted any and all registrant owner (s) and or lien holder (s) in accordance to said statutes.

We at SPERRO LLC Thank You for choosing our services and hope we assisted you in all your collateral needs.

Please contact us if you have any questions or concerns at: SPERRO LLC PH:

Thank You

Brian Fenner
Operations Manager
SPERRO LLC
PO Box 163    Camby IN 46113

# Exhibit C



OFFICIAL CHECK

PyraMax Bank

PAY EXACTLY
*** One Thousand Five Hundred Fifty Dollars And No Cents ***

$1,550.00

PAY
TO THE
ORDER OF    UPRIGHT LAW

Signature Bank
Chicago, IL          07-17-2015

Rotate    Print

View Image $12,475.00
View Image $1,706.00
View Image $1,325.00
View Image $2,800.00
View Image $600.00
View Image $1,550.00
View Image $1,760.00
View Image $1,650.00
View Image $1,500.00